918 F.2d 180
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald S. SCHILLING, Plaintiff-Appellant,
v.
Patricia GOODRICH both individually and in her capacity as
Secretary of Health and Social Services and State
of Wisconsin, Defendants-Appellees.
 No. 89-2843.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1990.*
Decided Oct. 25, 1990.
 
 Before BAUER, Chief Circuit Judge, and POSNER, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald Schilling filed a complaint in the district court alleging that the Wisconsin Department of Health and Social Services (the Department) violated his constitutional rights when they refused to change his security status from medium security to minimum security. Schilling alleged that the Department failed to follow proper procedures in altering the criteria for determining security status, which resulted in the improper decision to retain his medium security rating. The district court denied leave for Schilling to proceed in forma pauperis, and denied Schilling's subsequent motion for reconsideration. The court granted, however, leave to proceed in forma pauperis on appeal. The issue on appeal is whether the district court improperly denied leave to proceed in forma pauperis in the district court.
 
 
 2
 The essence of Schilling's complaint, and the only recognizable constitutional claim, is that the Department violated his right to due process under the Fourteenth Amendment by improperly refusing to change his status.[1] In order to succeed in his due process claim, Schilling must be able to demonstrate the impairment of a liberty interest. "A liberty interest may arise from the due process clause itself ... or it may be created by statute or binding administrative regulation." Castaneda v. Henman, --- F.2d ----, No. 89-1353, slip op. at 4 (7th Cir. October 1, 1990).
 
 
 3
 In this case, Schilling essentially contends that Wisconsin Administrative Code HSS 302 provides substantive criteria governing security classification which give rise to a liberty interest. A regulation, however, only creates a liberty interest if it employs language "of an unmistakably mandatory character" which establishes substantive predicates and mandates a result upon satisfaction of those criteria. Hewitt v. Helms, 459 U.S. 460, 471-72 (1983); Kentucky Department of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989). In this case, the regulation contains no such language. While the regulation does set forth the criteria to be considered, it provides for discretion in the weighing of the criteria and in the weight given to various recommendations. HSS 302.14. In addition, attainment of a minimum security classification does not entitle a prisoner to be assigned to a minimum security prison. The regulations provide only that a prisoner not be kept in a prison facility that has a lower security classification than the classification assigned to that prisoner. HSS 302.12(2). Therefore, Schilling has failed to demonstrate a protectible liberty interest which would implicate the due process clause.
 
 
 4
 This result follows even if Schilling is actually challenging the process by which the regulation was altered, rather than any application of the regulation itself. Schilling appears to argue that the new regulation cannot be applied to him because it was altered in violation of state rules. This contention may assert a valid state claim, but it falls short of demonstrating a denial of his constitutional right to due process. If the regulations created a liberty interest in the security classification, then the classification could not be denied without constitutionally permissible procedures. Mathews v. Eldridge, 424 U.S. 319 (1976). Those procedures, however, would not necessarily correspond to the state procedures. As we have already determined, however, Schilling has no liberty interest in obtaining a certain security classification, and therefore his claim is without merit. The decision of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 Because defendants-appellees failed to file a brief in this case, the court on its own motion ordered that the appeal be submitted without the filing of a brief and without oral argument by appellee. After preliminary examination of appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Schilling's complaint also appears to assert violation of other constitutional provisions such as the ex post facto prohibition, but the facts give rise only to the due process claim